UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RODRIGUEZ A. BEMBO,

                             Plaintiff,

               -vs-                                    13-CV-413JTC

COUNTY OF NIAGARA, OFFICER PHILLIPS,
OFFICER SHAVER, and SERGEANT KOLBE,

                             Defendants.

_____

APPEARANCES:              PRATHIMA REDDY, ESQ., Buffalo, New York,
                          Attorney for Plaintiff.

                          GIBSON, McASKILL & CROSBY, LLP (ELIZABETH
                          M. BERGEN, ESQ., Of Counsel), Buffalo, New York,
                          Attorneys for Defendants.


## INTRODUCTION

On April 26, 2013, plaintiff, Rodriguez A. Bembo, filed a complaint alleging

violations of the Eighth Amendment to the United States Constitution and seeking

damages pursuant to 42 U.S.C. § 1983.  Specifically, plaintiff alleged that he was

subjected to cruel and unusual punishment and excessive force, and suffered

permanent injuries.  Additionally, plaintiff alleged state law claims for the intentional and

negligent infliction of emotional distress (Item 1).  Presently before the court is

defendants' motion to dismiss for failure to exhaust administrative remedies and for

failure to properly allege the excessive force claim pursuant to section 1983 (Item 3).

## BACKGROUND and FACTS

On or about January 11, 2012, plaintiff was incarcerated at the Niagara County Jail. Item 1, ¶ 10. In his complaint, he alleges that defendants Phillips and Shaver "aggressively and unnecessarily placed him in handcuffs." *Id.,* ¶ 14. While he was restrained, the defendants used excessive force and injured plaintiff's right wrist. *Id.,* ¶ 15. He was denied any treatment for the injury despite his complaints of pain and the inability to use his right hand. *Id.,* ¶¶ 18-19. On or about February 2, 2012, plaintiff was released from the Niagara County Jail. *Id.,* ¶ 20. He underwent surgery on his right wrist in April 2012, but suffers permanent damage and has not regained the full use of his right wrist and hand. *Id.,* ¶¶ 25-26. Plaintiff states that, at the time of his incarceration, administrative remedies were not available to him and that he is no longer incarcerated. *Id.,* ¶ 31.

In the introductory paragraph of his complaint, plaintiff states that he filed "this complaint for damages under 42 U.S.C. § 1983 for the violation of his civil rights, as protected under the United States Constitution . . .." Item 1. In Count I of the complaint, alleging cruel and unusual punishment in violation of the Eighth Amendment, plaintiff specifically states that he "is entitled to recover damages from harm suffered as a result of the cruel and unusual punishment pursuant to 42 U.S.C. § 1983." *Id.,* ¶ 34. In Count II of the complaint, alleging the excessive use of force, plaintiff does not explicitly state that he is entitled to damages pursuant to section 1983, but incorporates the preceding paragraphs of the complaint. *Id.,* ¶¶ 37, 40.

In lieu of an answer, on May 28, 2013, defendants filed a motion to dismiss the

2

complaint, arguing that plaintiff filed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e *et seq*. ("PLRA").  Item 3. Additionally, they argued that plaintiff failed properly to allege his claim for the excessive use of force pursuant to 42 U.S.C. § 1983 and thus the court lacks subject matter jurisdiction to hear the claim.  Plaintiff filed a response to the motion on August 16, 2013 (Item 7).  Defendants declined to file a reply, and the motion was submitted without oral argument.  For the following reasons, the defendants' motion is denied.

## DISCUSSION

### 1.  Standard on a Motion to Dismiss

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must take "factual allegations [in the complaint] to be true and draw[ ] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985) (citation omitted). The court should not dismiss the complaint if the plaintiff has provided "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the court should construe the factual allegations in the light most favorable to the plaintiff, "the

3

tenet that [the court] must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

### 2.  Prison Litigation Reform Act ("PLRA")

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  This exhaustion requirement is mandatory and covers "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).  However, this statute mandates exhaustion only for those actions filed by prisoners while "confined" in a jail or prison.  Thus, the statute is inapplicable where the litigant commencing the action files suit after release from confinement.  *See Grieg v. Goord,* 169 F.3d 165, 167 (2d Cir. 1999); *Dilworth v. Goldberg,* 2011 WL 3501869, *14 (S.D.N.Y. July 28, 2011).

Here, plaintiff has alleged that he is no longer incarcerated and filed suit after his release from the Niagara County Jail.  Accordingly, plaintiff has sufficiently stated a claim for relief pursuant to section 1983, as the exhaustion requirements of the PLRA do not apply to this action.

### 3.  Section 1983 Claim

Alternatively, defendants argue that plaintiff has failed properly to assert a section 1983 claim for the excessive use of force, relying exclusively on the Eighth Amendment.  The court has reviewed the complaint and disagrees.  Although the

statute is not explicitly cited in Count II of the complaint, plaintiff clearly states in the introductory paragraph that his federal claims are brought pursuant to section 1983.  In addition, plaintiff twice incorporated the preceding paragraphs of the complaint, wherein he cited section 1983, in Count II .  *See* Item 1, ¶¶ 37, 40.  The failure to specifically cite a statute in the complaint is not fatal to the plaintiff's claim.  *See, e.g., Simonton v. Runyon*, 232 F.3d 33, 36–37 (2d Cir. 2000) ("[G]enerally a complaint that gives full notice of the circumstances giving rise to the plaintiff's claim for relief need not also correctly plead the legal theory or theories and statutory basis supporting the claim.") (citation and internal quotation marks omitted); *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 46 (2d Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ("Under the liberal pleading principles established by Rule 8 of the Federal Rules of Civil Procedure, in ruling on a 12(b)(6) motion the failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters.") (citation and internal quotation marks omitted); *Sabilia v. Richmond*, 2011 WL 7091353, *26, (S.D.N.Y. October 26, 2011), *Report and Recommendation adopted by,* 2012 WL 213656 (S.D.N.Y. January 24, 2012) ("That plaintiffs did not label these allegations as a breach-of-contract claim is not fatal to their pleading, since we must look to the factual allegations of the complaint as defining the nature of the claim rather [than] depend upon the legal labels affixed to those factual allegations.") (citations omitted).  Despite his failure explicitly to invoke the statute in Count II of the complaint, plaintiff has sufficiently alleged a claim pursuant to section 1983 for the excessive use of force in violation of the Eighth Amendment.

## **CONCLUSION**

Defendants' motion to dismiss for failure to exhaust administrative remedies is

DENIED.  Likewise, the motion to dismiss plaintiff's claim for the use of excessive force

is DENIED.  The defendants are directed to file an answer to the complaint and to

proceed in accordance with the Federal Rules of Civil Procedure.

So Ordered.


_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated: September 18, 2013
p:\pending\2013\13-413.sep17.2013

6