UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RODRIGUEZ A. BEMBO,

                                          Plaintiff,

                    -vs-                                            13-CV-413C

COUNTY OF NIAGARA, OFFICER PHILLIPS,
OFFICER SHAVER, and SERGEANT KOLBE,

                                          Defendants.

---

      Plaintiff has filed a motion seeking an order permitting him to appear, either in person or telephonically, at the depositions of the individual defendants (Item 24). Defendants have cross-moved for an extension of time to complete discovery and oppose the plaintiff's motion to the extent that he seeks to conduct the depositions at the Attica Correctional Facility, the place of his incarceration (Item 25).

      It is settled law that a party incarcerated in a criminal case has no constitutional right to attend depositions taken in a civil action. *Maruzen Co., Ltd. v. HSBC USA, Inc.,* 2002 WL 31767794, *1 (S.D.N.Y. Dec. 3, 2002) (citing *In re Collins*, 73 F.3d 614 (6th Cir.1995); *Holt v. Pitts*, 619 F.2d 558, 560–61 (6th Cir.1980)).  The decision whether to permit an inmate to attend pretrial depositions in a civil case is left to the court's discretion, considering the differing interests of the inmate and prison officials.  *Id.* The relevant factors to be considered include:

> the costs and security risks involved in transporting the inmate to the deposition site and in maintaining his presence at the deposition, the importance of the testimony of the deponent to the claims alleged, the need for the inmate to be physically present during the deposition, the inmate's individual security history, general security issues, and the availability of alternative means to accommodate the concerns of both the inmate and the prison officials.

*Maruzen,* 2002 WL 31767794, at *1.

While the plaintiff has expressed his desire to be physically present at the depositions, the court concludes that telephone access is adequate for his active participation at the depositions. Accordingly, the court grants the plaintiff's motion (Item 24) to the extent that he shall be allowed to attend the depositions by telephone conference. The court will not order the depositions to be taken at the Attica Correctional Facility as this would unduly inconvenience the defendants. Likewise, the court will not order the plaintiff's physical presence at the Niagara County Jail, the defendants' place of employment and the location at which the depositions were originally scheduled. The costs and security issues involved in the transportation of the plaintiff far outweigh the need for his physical presence, given the alternative means of telephonic accommodation.

In light of this motion, the court grants the defendants' cross motion (Item 25) and the discovery schedule is amended as follows:

All fact discovery, including depositions in this case, shall be completed on or before May 1, 2015.

Plaintiff shall identify any expert witnesses on or before June 1, 2015, and defendants shall identify any expert witnesses on or before July 1, 2015.

Depositions of plaintiff's expert(s) shall be concluded on or before August 15,

2015, and depositions of defendants' expert(s) shall be concluded on or before September 15, 2015.

 Dispositive motions, if any, shall be filed no later than December 1, 2015.

 So ordered.

            \_\_\_\_\_\s\ John T. Curtin\_\_  
            JOHN T. CURTIN  
            United States District Judge

Dated: Februrary 25, 2015